# Staunton.

## J. R. HINKEL v. COMMONWEALTH.

September 20, 1923.

1. EXCEPTIONS, BILL OF—*Assignments of Error—Setting Forth Grounds of Objection.*—While it is true that several exceptions may be saved in the same bill, to avoid confusion, each must set forth clearly and distinctly the grounds of objection relied on. The absence of this requirement in the instant case was conspicuous, and, there being no sufficient exceptions to the rulings of the court referred to, the assignments of error could not be considered.

2. ARGUMENTS OF COUNSEL—*Instruction to Disregard Improper Argument—Rape—Case at Bar.*—In the instant case, a prosecution for rape, counsel for the Commonwealth, in his argument before the jury, used the following language: "Now, if this were a colored man * *." Before the attorney for the Commonwealth could complete the sentence, counsel for the accused objected, and the court sustained the objection, and instructed the jury to disregard that portion of the argument.

   *Held:* Not to afford ground for a new trial by the Supreme Court of Appeals.

3. ARGUMENTS OF COUNSEL—*Instruction to Disregard Improper Argument—New Trial by Supreme Court of Appeals.*—When the trial court has done all in its power to remove any possible prejudice from improper argument by counsel, and where no reasonable person can conclude that the jury, after being instructed by the trial court to disregard the argument, were certainly prejudiced by the language used, the Supreme Court of Appeals will not interfere by granting a new trial.

4. RAPE—*Attempted Rape—Age—Force—Instructions.*—On a prosecution for rape, the court instructed the jury that if they believe from the evidence beyond a reasonable doubt that the prosecutrix was under fifteen years of age, and if they further believe from the evidence beyond a reasonable doubt that the accused attempted by force to have intercourse with her, and that he did any overt act toward carrying out that purpose, such as taking hold of her and taking out his privates, then he would be guilty of attempted rape as charged in the indictment in this case.

   *Held:* No error.

5. ASSAULT AND BATTERY—*Battery Includes an Assault—What Constitutes Battery—"Wilfully."*—A battery includes an assault, and a battery is defined to be the least touching of another's person, wilfully or in anger. The word "wilfully" in its definition clearly implies that the elements of rudeness or insult, as well as anger, may become a test of the offense.

Error to a judgment of the Circuit Court of Smyth county.

*Affirmed.*

The opinion states the case.

*John P. Buchanan* and *Geo. F. Cook,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

J. R. Hinkel was indicted for an attempt to rape, convicted of a simple assault, and sentenced to jail for one year and to pay a fine of $500.00.

Mary Thompson, the prosecutrix, a girl of ten years, lived with her widowed mother over a store in the town of Marion, Virginia. During August, 1921, the accused met the girl at the store, and, with the promise of a gift, invited her to accompany him to The H. B. Staley Company's mill, about 300 yards away. After first securing her mother's permission, the girl went with Hinkel who took her to the third floor of the mill, where they were alone and where the regrettable incident occurred.

Hinkel's account of what happened does not differ very materially from the testimony of the prosecutrix

and is sufficient, in itself, to support the verdict.    While he did not attempt to commit a criminal assault, his conduct, here purposely not delineated, clearly establishes his guilt of a simple assault.

The accused relies upon five assignments of error.

The fourth and fifth assignments relate to the action of the court in permitting Mrs. Lola Thompson, mother of the prosecutrix, to testify as to what her daughter told her when she came home from the mill, and in permitting W. A. George to testify.

There are no bills of exception pointing out the rulings complained of in these assignments.    They are included in the general bill of exceptions certifying all the evidence and noting the objections made and overruled and the exceptions taken.

[1] While true that several exceptions may be saved in the same bill, to avoid confusion, each must set forth clearly and distinctly the grounds of objection relied on.    The absence of this requirement in the instant case is conspicuous, and, there being no sufficient exceptions to the rulings of the court referred to in these assignments, this court will decline to consider them.    *N. & W. Ry. Co.* v. *Shott,* 92 Va. 34, 22 S. E. 811; *Kibler* v. *Commonwealth,* 94 Va. 804, 26 S. E. 858; *Myers* v. *Commonwealth,* 132 Va. 757, 111 S. E. 463.

[2] The sixth assignment is the conduct of the attorney for the Commonwealth in using this language in his argument before the jury: "Now, if this were a colored man    * . *."    Before the attorney for the Commonwealth could complete the sentence, counsel for the accused objected and the court sustained the objection, and instructed the jury to disregard that portion of the argument.

[3] When the court has done all in its power, as here, to remove any possible prejudice, and where no reason-

able person can conclude that the jury, after being instructed, were certainly prejudiced by the language used, this court will not interfere by granting a new trial. *Harris* v. *Commonwealth*, 133 Va. 708, 112 S. E. 753. This assignment is without merit.

[4] The third assignment of error is the action of the court in giving instruction No. 2 for the Commonwealth.

This instruction involves the same principle of law and is couched in practically the same language as an instruction which was approved by the court in *Lufty* v. *Commonwealth*, 126 Va. 713, 100 S. E. 829. This assignment is therefore also without merit.

The second assignment being waived, we come to the remaining assignment of error, namely, the court's refusal to set aside the verdict as contrary to the law and the evidence.

[5] A battery includes an assault. Mr. Minor defines a battery to be the least touching of another's person, *wilfully* or *in anger*. Minor's Syn. Law of Crimes, p. 77.

Kelly, P., speaking for the court in *Lynch* v. *Commonwealth*, 131 Va. 766, 109 S. E. 427, said that by using the word "wilfully" Mr. Minor clearly implies that the elements of rudeness or insult, as well as anger, may become a test of the offense.

To what we have already said about the evidence, we need only add that the testimony of the prosecutrix, if believed, proves that the accused grossly insulted her and committed an assault upon her.

The weight of the evidence and the extent of his punishment were questions for the jury.

The judgment must be affirmed.

*Affirmed.*