# Richmond.

## C. L. Wood v. Commonwealth.

### November 17, 1927.

1. APPEAL AND ERROR—*Record—Testimony of Accused not made Part of the Record by Bill of Exceptions, or Otherwise—Case at Bar.*—The instant case was upon a writ of error to a judgment against accused in a case of assault and battery. The accused was the only witness who testified in his behalf. His testimony was copied in the record, but it was not certified and made a part of the record by bill of exceptions, or otherwise.

   *Held:* That the testimony of the accused could not be considered by the Supreme Court of Appeals, and that the case would be disposed of as if no evidence had been introduced in his behalf.

2. ASSAULT AND BATTERY—*Battery.*—A battery always includes an assault.

3. ASSAULT AND BATTERY—*Battery—Definition.*—A battery consists of the wilful or unlawful touching of the person of another by the assailant, or by some object set in motion by him. The slightest unlawful touching of the person of another is a battery, for the law cannot draw the line between different degrees of violence.

4. ASSAULT AND BATTERY—*Injury to the Mind or Feelings—Intent.*—Not every touch is a battery, nor is it necessary that the touch should result in injury to the corporeal person. It is sufficient if it does injury to the mind or feelings. Whether the touch constitutes a battery "will depend, not upon the amount of force applied, but upon the intent of the actor."

5. ASSAULT AND BATTERY—*Intent.*—The intent of accused charged with assault and battery may often be gathered from the conduct of the aggressor, viewed in the light of the attending circumstances.

6. ASSAULT AND BATTERY—*Evidence Sufficient to Sustain Conviction of Assault—Case at Bar.*—The instant case was a prosecution upon an indictment charging accused with assault and battery upon a girl of fourteen. Accused was convicted. The evidence for the Commonwealth showed that the prosecutrix was standing in front of the counter in the store of accused and accused reached across the counter and ran his hand down the neck of her dress onto her bosom. On another occasion accused tried to sit in her lap. And still on another occasion he attempted to put his arms around her. Owing to the fact

that accused's testimony was not made a part of the record by bill of exceptions, or otherwise, the case was to be disposed of by the Supreme Court of Appeals as if no evidence had been introduced in his behalf.

*Held:* That the evidence for the Commonwealth was sufficient to sustain the conviction of assault.

7. APPEAL AND ERROR—*Assault and Battery—Where Evidence Establishes Accused's Guilt—Other Assignments of Error—Case at Bar.*—In the instant case, an appeal from a conviction for assault and battery, the action of the court in holding that the conduct of the accused towards the prosecutrix constituted an assault was assigned as error. The testimony of the accused was not considered on appeal as it was not incorporated in the record by bill of exceptions, or otherwise. The uncontradicted evidence of the prosecutrix clearly established accused's guilt of the assault and battery.

*Held:* That this being true, the consideration of the remaining assignments of error by accused would be unprofitable, as the judgment must be affirmed.

Error to a judgment of the Circuit Court of Grayson county.

*Affirmed.*

The opinion states the case.

*R. L. Kirby* and *J. M. Parsons*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys-General*, for the Commonwealth.

WEST, J., delivered the opinion of the court.

C. L. Wood was convicted under an indictment charging him with assault and battery upon Ruby Pugh, and sentenced to pay a fine of $100. To that judgment this writ of error was allowed.

The facts as disclosed by the evidence for the Commonwealth are as follows: According to the testimony

of Ruby Pugh, age fourteen years, C. L. Wood owned and conducted a store on State highway No. 12, a short distance from the public school building at Grant, in Grayson county, Virginia. She was a pupil in this school and occasionally made purchases at this store. In the fall of 1924, she was standing in front of the counter in the store, when the accused reached across the counter and ran his hand down the neck of her dress onto her bosom. On another occasion she was seated in the store and Wood tried to sit in her lap. On a third occasion he attempted to put his arms around her over her arms. She pulled away from him and ran to the front door of the store and he followed her, but seeing a man passing along the road turned back at the door.

According to the testimony of Nina Carson, who lived something over a mile from Wood's store, on one occasion when no one was in the store, except her and the accused, the accused put his hands upon her bosom outside of her clothes, and on another occasion when they were alone in the store, he raised up her dress with one hand and put his other hand down inside her bloomers on her hip. She tried to get loose, but he had one arm around her and held her tight, but soon let her go. When she went to try on a pair of shoes he put his hand up her leg.

Edith Taylor, age eleven years, a student in the school near Grant, was in the store of the accused on one occasion about a year before the trial, and he ran his hands over her breast, on the outside of her dress.

[1] The accused is the only witness who testified in his behalf. His testimony is copied in the record, but it is not certified and made a part of the record by bill of exceptions, or otherwise, and therefore cannot be considered by this court. *Patterson* v. *Commonwealth,*

139 Va. 596, 123 S. E. 657. The case will be disposed of here just as if no evidence had been introduced in his behalf.

The accused makes four assignments of error: The action of the court, (1) in holding that the conduct of the accused towards Ruby Pugh constituted an assault, (2) in admitting the testimony of Nina Carson and Edith Taylor as to similar acts committed against them by the accused, (3) in granting instruction No. 1, and (4) in granting instruction No. 2 for the Commonwealth.

[2] The indictment charges the accused with an assault and battery. A battery always includes an assault. *Hinkel* v. *Commonwealth*, 137 Va. 791, 119 S. E. 53.

[3] A battery consists of the wilful or unlawful touching of the person of another by the assailant, or by some object set in motion by him.

"A battery is the unlawful touching of the person of another by the aggressor himself, or by some substance set in motion by him. * * * The intended injury may be to the feelings or mind, as well as to the corporeal person." 2 Am. & Eng. Ency. L., pages 953, 955.

"The slightest unlawful touching of the person of another is a battery, for the law cannot draw the line between different degrees of violence, * * *." 2 R. C. L. 526.

Mr. Minor defines a battery to be the "actual infliction of corporeal hurt on another (*e. g.*, the least touching of another's person), wilfully or in anger, whether by the party's own hand, or by some means set in motion by him."

In *Lynch* v. *Commonwealth*, 131 Va. 765, 109 S. E. 427, this court held that by using the word "wilfully"

Mr. Minor implies that the elements of rudeness or insult, as well as anger, may become the test of the offense.

[4] Not every touch is a battery, nor is it necessary that the touch should result in injury to the corporeal person. It is sufficient if it does injury to the mind or feelings. Whether the touch constitutes a battery "will depend, not upon the amount of force applied, but upon the intent of the actor." *Lynch's Case,* *supra,* 765 (109 S. E. 428).

[5] This intent may often be gathered from the conduct of the aggressor, viewed in the light of the attending circumstances.

In *Lynch* v. *Commonwealth,* 131 Va. 762, 109 S. E. ·427, *supra,* Lynch, a colored man, when met at the door of her home by Mrs. Martin, said to her: "Mrs. Martin, I want to kiss a white woman; I want to see what it is like to kiss a white woman," to which she replied, "No, sir." He then placed his hand upon her shoulder and said: "I didn't mean to insult you." Whereupon she ordered him to "get out," and he left. Upon this evidence, Lynch was convicted of assault and battery and the judgment was sustained by this court.

Under the first assignment of error it is contended that the conduct of the accused does not constitute an assault and battery upon Ruby Pugh.

[6, 7] A further recital of the evidence is deemed unnecessary. When the law, as above set forth, is applied to the uncontradicted evidence of Ruby Pugh, it is clear that the accused's guilt of the assault and battery is established. This being true, the consideration of the remaining assignments of error would be unprofitable as the judgment must be affirmed.

*Affirmed.*