COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and Russell
Argued at Lexington, Virginia

QUINTUS DELANO MARSHALL

v.        Record No. 0270-18-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE WESLEY G. RUSSELL, JR.
JANUARY 15, 2019

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

Jim D. Childress, III (Childress Law Firm, PC, on briefs), for
appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Quintus Delano Marshall was convicted in a bench trial of violating Code § 18.2-308.2:2

by making a false statement on ATF Form 4473 in his attempt to obtain a firearm from a licensed

firearms dealer in Virginia.  Specifically, he indicated on the form that he had not been convicted

of a "misdemeanor crime of domestic violence" despite his prior conviction for assault and

battery against a family member in violation of Code § 18.2-57.2.  On appeal, he contends that

some violations of Code § 18.2-57.2 do not constitute "misdemeanor crimes of domestic

violence," and therefore, the evidence was insufficient to support his false statement conviction.

For the reasons that follow, we disagree and affirm.

BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below."  Bolden v.

Commonwealth, 275 Va. 144, 148 (2008).

In 2009, years before the conviction that he now appeals, Marshall was convicted in the Circuit Court for the City of Lynchburg of misdemeanor assault and battery against a family member in violation of Code § 18.2-57.2. That case, which involved Marshall's former wife, originated in the juvenile and domestic relations district court and was resolved by Marshall's guilty plea in the circuit court. A certified copy of the 2009 Lynchburg conviction was introduced into evidence at the trial giving rise to this appeal.

On February 3, 2017, Marshall entered Vista Pawn located in Campbell County. Thomas McCue, the owner of Vista Pawn and a federally licensed firearms dealer, waited on Marshall. According to McCue, Marshall sought to redeem a Glock pistol that he previously had pawned. As part of the transaction, McCue, as required by law, asked Marshall to complete ATF Form 4473. Question 11.i on the form asks whether the applicant has ever been convicted in any court of a misdemeanor crime of domestic violence. The instructions on the reverse of the form state, in part:

> **Question 11.i. Misdemeanor Crime of Domestic Violence:** A Federal, State, local, or tribal offense that is a misdemeanor under Federal, State, or tribal law and has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with, or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim. The term includes all misdemeanors that have as an element the use or attempted use of physical force or the threatened use of a deadly weapon *(e.g., assault and battery),* if the offense is committed by one of the defined parties.[1]

Marshall checked "No" in response to Question 11.i.

---

[1] The instructions largely track the relevant federal statutory definition of "misdemeanor crime of domestic violence" found in 18 U.S.C. § 921(a)(33).

Acknowledging his prior conviction, Marshall argued at trial that some violations of Code § 18.2-57.2 do not satisfy the definition of "misdemeanor crimes of domestic violence." He reasoned that, because an assault and battery conviction in Virginia can be based on any offensive or rude touching, a conviction for violating Code § 18.2-57.2 does not necessarily involve "the use or attempted use of physical force," which is a necessary component of a misdemeanor crime of domestic violence. Specifically, he argued that "[p]hysical force is something . . . different than a touching. Physical force is something like a robbery where it's done with force, threat or intimidation." From this he reasoned that the conviction order, standing alone, was insufficient to establish that he had been convicted of a crime involving "the use or attempted use of physical force" and that the Commonwealth "must bring the alleged victim, or the criminal complaint, or something to show what the allegations [were] in the case because a conviction [order under Code § 18.2-57.2] on its own is not . . . sufficient" to establish the conviction was for a misdemeanor crime of domestic violence.

The trial court rejected this argument, concluding that the conviction order established that Marshall had been convicted of a misdemeanor crime of domestic violence, and thus, Marshall's response on ATF Form 4473 was false. Accordingly, the trial court convicted Marshall for violating Code § 18.2-308.2:2.

On appeal, Marshall again challenges the sufficiency of the evidence. Acknowledging that some violations of Code § 18.2-57.2 involve the use or attempted use of physical force and thus qualify as misdemeanor crimes of domestic violence, he continues to maintain that not all violations of Code § 18.2-57.2 involve such force. As a result, he argues that the evidence at trial was insufficient to prove that he had committed a misdemeanor crime of domestic violence, and therefore, was insufficient to prove that he made a false statement on ATF Form 4473 in violation of Code § 18.2-308.2:2.

ANALYSIS

I. Standard of Review

In general, when reviewing a challenge to the sufficiency of the evidence to support a conviction, an appellate court considers the evidence in the light most favorable to the Commonwealth, the prevailing party below, and reverses the judgment of the trial court only when its decision is plainly wrong or without evidence to support it.  See Farhoumand v. Commonwealth, 288 Va. 338, 351 (2014).  However, when a sufficiency challenge turns on whether a particular fact or circumstance falls within a statutory definition, we must "construe statutory language to answer the question.  That function presents a pure question of law which we consider *de novo* on appeal."  Cartagena v. Commonwealth, 68 Va. App. 202, 207 (2017) (quoting Smith v. Commonwealth, 282 Va. 449, 453-54 (2011)).  Marshall's argument that a violation of Code § 18.2-57.2 does not necessarily constitute a misdemeanor crime of domestic violence presents such a challenge.

II. Required forms for acquiring a firearm

Both Virginia and federal law impose certain requirements on firearms dealers and the people who seek to acquire firearms from those dealers.  See, e.g., Code § 18.2-308.2:2(A) (requiring a person seeking to acquire a firearm from a licensed firearm dealer in Virginia to provide the dealer with written "consent . . . , on a form to be provided by the Department of State Police, to have the dealer obtain criminal history record information" and specified identifying and criminal history information); Code § 18.2-308.2:2(B) and (C) (requiring Virginia firearms dealers to collect certain information from customers and submit that information to the Virginia State Police to allow for a criminal background check); 18 U.S.C. §§ 922-24 (imposing record and other requirements on firearms dealers and limiting to whom

firearms may be legally sold); 24 CFR § 478.124 (requiring that a firearms dealer obtain ATF

Form 4473 from any person who seeks to acquire a firearm).

In his attempt to acquire the firearm in this case, Marshall provided McCue a completed

ATF Form 4473 "[a]s required by law[.]" Smith, 282 Va. at 452; see also 24 CFR § 478.124(c).

Code § 18.2-308.2:2(K) makes it a felony for any person to "willfully and intentionally mak[e] a

materially false statement on the consent form required in subsection B or C or on such firearm

transaction records as may be required by federal law . . . ."[2] Thus, if the evidence was sufficient

to establish that Marshall made a materially false statement on ATF Form 4473, the evidence

was sufficient to support his conviction for violating Code § 18.2-308.2:2.[3]

III. Code § 18.2-57.2 and misdemeanor crimes of domestic violence

Determining whether the evidence was sufficient to support Marshall's conviction for

violating Code § 18.2-308.2:2 requires the interpretation of two different statutes, one state and

one federal. First, we must determine the necessary elements underlying Marshall's prior

conviction for violating Code § 18.2-57.2, a question of Virginia law. Next, we must determine

---

[2] Although Code § 18.2-308.2:2 makes it a crime in Virginia to provide a false answer on any firearms form that is required by the federal law, such as ATF Form 4473, the indictment did not charge Marshall with making a false statement on a form required by federal law. Rather, it charged him with making a false statement on a "form required by subsection B or C of § 18.2-308.2:2 of the Code of Virginia . . . ." Marshall concedes, however, that the Virginia State Police have adopted ATF Form 4473, and therefore, it is also a "form required by subsection B or C of § 18.2-308.2:2 of the Code of Virginia . . . ."

[3] Marshall also argued at trial that he did not intentionally provide a false response on the form because, despite his guilty plea in 2009, he did not understand that he had been convicted. The trial court rejected this argument finding that the explanation "flies in the face of common sense[.]" Marshall does not challenge this portion of the trial court's ruling on appeal. Accordingly, there is no issue on appeal as to whether the statement was made "willfully and intentionally."

whether such a conviction meets the definition of a "misdemeanor crime of domestic violence" as that term is defined in 18 U.S.C. § 921(a)(33), a question of federal law.[4]

## A. Code § 18.2-57.2

Code § 18.2-57.2(A) provides that "[a]ny person who commits an assault and battery against a family or household member is guilty of a Class 1 misdemeanor." Because, like other Virginia statutes involving assault and assault and battery, Code § 18.2-57.2 does not define "assault and battery," we assume the General Assembly intended to incorporate the common law definition. Carter v. Commonwealth, 269 Va. 44, 46 (2005).

At common law, "[a] battery is the least touching of another, willfully or in anger, including touching done in the spirit of rudeness or insult." Edwards v. Commonwealth, 65 Va. App. 655, 664 (2015) (citing Hinkel v. Commonwealth, 137 Va. 791, 794 (1923)); see also Adams v. Commonwealth, 33 Va. App. 463, 468 (2000) ("Whether a touching is a battery depends on the intent of the actor, not on the force applied."). Marshall concedes that the 2009 conviction order established that, at a minimum, he committed an assault and an unprivileged touching of a family member "willfully or in anger," to include a touching motivated only by a "spirit of rudeness or insult." Edwards, 65 Va. App. at 664. He argues that, standing alone, the order proves no more than that and that, absent some additional evidence of the degree of force

---

[4] Marshall argues that, because this is a Virginia offense, Virginia is not necessarily bound by the federal definition of "misdemeanor crime of domestic violence." Although the General Assembly is free to adopt its own definition for the purposes of Virginia law, the decisions of the General Assembly to criminalize making false statements on "firearm transaction records as may be required by federal law," Code § 18.2-308.2:2(K), and of the Virginia State Police to adopt ATF Form 4473 effectively incorporated the federal statutory definitions accompanying the form into Virginia law.

involved, the minimal contact necessary to constitute a battery in Virginia is insufficient to establish that his crime qualifies as a "misdemeanor crime of domestic violence."[5]

### B. 18 U.S.C. § 921(a)(33)

Marshall's denial that he previously had been convicted of a misdemeanor crime of domestic violence was made on ATF Form 4473, a federal form. Accordingly, the relevant definition of "misdemeanor crime of domestic violence" comes from federal law. Specifically, for the purpose of ATF Form 4473, 18 U.S.C. § 921(a)(33)(A) defines "the term 'misdemeanor crime of domestic violence'" as

> an offense that—
>
> (i) is a misdemeanor under Federal, State, or Tribal law; and
>
> (ii) has, as an element, *the use or attempted use of physical force* or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

(Emphasis added). It is undisputed that no evidence was introduced to suggest a weapon was involved in the prior offense, and Marshall concedes that the evidence was sufficient to establish all of the other elements of the offense except for the use of force element. Accordingly, the question is whether all convictions for violating Code § 18.2-57.2 involve "the use or attempted use of physical force" as that phrase is used in 18 U.S.C. § 921(a)(33)(A)(ii).

From the time of its adoption, the meaning of "the use or attempted use of physical force" in 18 U.S.C. § 921(a)(33)(A)(ii) spawned a significant amount of litigation. Because the

---

[5] Marshall readily concedes that some violations of Code § 18.2-57.2 qualify as "misdemeanor crimes of domestic violence." His argument is that others do not, and therefore, a mere conviction order is insufficient to establish whether a person has committed a qualifying offense.

domestic assault and battery statutes adopted by the several states are not uniform, arguments arose over whether a particular state statute contained a "use or attempted use of physical force" element that would qualify the offense as a misdemeanor crime of domestic violence pursuant to 18 U.S.C. § 921(a)(33)(A)(ii).

Code § 18.2-57.2 was no exception. In White v. United States, 606 F.3d 144 (4th Cir. 2010), the United States Court of Appeals for the Fourth Circuit addressed whether a conviction for violating Code § 18.2-57.2 qualified as a conviction for a misdemeanor crime of domestic violence. Recognizing that, in Virginia, a "battery may be accomplished with the slightest touch and no physical injury is required," id. at 148, the Fourth Circuit noted that there was a significant split in the federal circuits as to whether such an offense involved "the use or attempted use of physical force" so as to qualify as a misdemeanor crime of violence for the purpose of 18 U.S.C. § 921(a)(33)(A)(ii). Id. at 149-50. Siding with those circuits that reasoned that the slight touching necessary to constitute a common law battery did not require the necessary use of force, the Fourth Circuit concluded that Code "§ 18.2-57.2 is not, on its face, a 'misdemeanor crime of domestic violence' . . . because the Virginia statute is not an 'offense that . . . has, as an element, the use or attempted use of physical force.'" Id. at 153.

Given the significant circuit split noted by the Fourth Circuit in White, the United States Supreme Court granted certiorari to address the issue in United States v. Castleman, 572 U.S. 157 (2014). Although the Castleman Court was addressing a scenario in which the defendant was convicted of a Tennessee misdemeanor for having "'intentionally or knowingly cause[d] bodily injury to' the mother of his child . . . ," id. at 161 (quoting Tenn. Code Ann. § 39-13-111(b) (Supp. 2002)), the majority went further regarding what qualified as a "misdemeanor crime of violence" as that term is defined by 18 U.S.C. § 921(a)(33). Specifically, the Castleman majority stated: "we therefore hold that the requirement of 'physical

force' is satisfied . . . by the degree of force that supports a common-law battery conviction." Castleman, 572 U.S. at 168.[6]

In light of this unequivocal statement, the Fourth Circuit's earlier contrary conclusion in White is erroneous[7] and any conviction for violating Code § 18.2-57.2 involves a sufficient use of physical force to qualify as a conviction for a "misdemeanor crime of domestic violence" as that term is used in 18 U.S.C. § 921(a)(33).[8]  Accordingly, the 2009 conviction order for assault and battery of a family member in violation of Code § 18.2-57.2, coupled with his statement that the incident involved his former spouse, established that Marshall had previously been convicted of a misdemeanor crime of domestic violence.  Therefore, the evidence was sufficient to establish that Marshall made a materially false statement on the ATF form, and thus, was sufficient to support his conviction for violating Code § 18.2-308.2:2.

---

[6] In Castleman, the United States Supreme Court was addressing 18 U.S.C. § 922(g)(9)'s prohibition on possession of a firearm by any person "who has been convicted in any court of a misdemeanor crime of domestic violence."  As in the instant case, 18 U.S.C. § 922(g)(9) applies the definition of "misdemeanor crime of domestic violence" found in 18 U.S.C. § 921(a)(33).

[7] In United States v. Carthorne, 878 F.3d 458, 468 (4th Cir. 2017), the Fourth Circuit expressly recognized that its reasoning in White was rejected by the United States Supreme Court in Castleman.

[8] Although a Tennessee statute was at issue in Castleman, the Court's opinion makes clear that its decision applies to Code § 18.2-57.2.  In an opinion concurring in the judgment, Justice Scalia championed a "narrower interpretation of § 921(a)(33)(A)(ii)" and criticized the majority's adoption "of a much broader one that treats any offensive touching, no matter how slight, as sufficient."  Castleman, 572 U.S. at 175 (Scalia, J., concurring in judgment).  In criticizing the majority's interpretation, Justice Scalia listed ten states whose assault and battery statutes he believed fell outside the scope of 18 U.S.C. § 921(a)(33), including Virginia's.  Id. at 178-79 n.5 (Scalia, J., concurring in judgment).  Responding to Justice Scalia's criticism, the majority rejected an interpretation of 18 U.S.C. 921(a)(33) that excluded the relevant statutes of the ten states identified by Justice Scalia.  Id. at 167-68.

CONCLUSION

Because Marshall's conviction for violating Code § 18.2-57.2 constitutes a conviction for a crime of domestic violence as that term is defined under the relevant federal statute, the evidence was sufficient to support Marshall's conviction for making a false statement on ATF Form 4473 in violation of Code § 18.2-308.2:2. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>