COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Athey, Ortiz and Lorish
Argued by videoconference


TERRELL MARKESE CRAMER

                                     MEMORANDUM OPINION[*] BY
v.      Record No. 1291-21-1              JUDGE CLIFFORD L. ATHEY, JR.
                                     DECEMBER 29, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Michael E. McGinty, Judge Designate

Richard G. Collins (Collins & Hyman, P.L.C., on brief), for
appellant.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The trial court convicted Terrell Markese Cramer ("Cramer") of assault and battery of a law

enforcement officer, in violation of Code § 18.2-57, and sentenced him to five years' incarceration

with four years and six months suspended. Cramer challenges the sufficiency of the evidence to

sustain his conviction. For the following reasons, we affirm the trial court's judgment.

I. BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

On March 26, 2020, James City County Police Sergeant White ("Sergeant White") responded to a dispatch call reporting a domestic dispute at an apartment complex. Sergeant White testified at trial that after arriving at the apartment complex, he witnessed a man who met the physical description provided by the dispatcher, standing near the dumpster where the reported domestic dispute allegedly occurred. Sergeant White approached the man, ascertained that he was Cramer, and asked him if he had been involved in the domestic dispute. Cramer initially denied any involvement in a domestic dispute and began walking away from Sergeant White. White pursued Cramer and after asking about the dispute again, Cramer confirmed that he had been involved in an argument with his girlfriend. Cramer then began walking away again, and when Sergeant White attempted to stop him, Cramer "pull[ed] away" and advised White to "get off of him." With the assistance of James City County Police Officers Suggs and Perry ("Officer Suggs" and "Officer Perry") who had arrived at the scene, Sergeant White was able to handcuff Cramer and place him in a police vehicle.

At trial, Officer Suggs testified that after she interviewed Cramer's girlfriend, the alleged victim, she attempted to interview Cramer. As Officer Suggs began to advise Cramer of his *Miranda* rights, Cramer repeatedly screamed, "for what, for what?" Then Cramer laid across the backseat of the police vehicle and began kicking the rear door and window with such force that Officer Suggs became concerned that Cramer would break the window. As a result, Officer Suggs and Officer Perry retrieved kick straps and control straps from the trunk of the patrol vehicle, opened the rear door, and attempted to secure Cramer's legs to prevent further kicking. However, when the officers attempted to secure Cramer's legs with the straps, he refused to comply with their instructions and "kept rearing back and kicking his feet trying to get [the officers] off of him."

- 2 -

Eventually, Cramer kicked Officer Suggs, dislodging her body-worn camera and ending its recording. After finally securing Cramer's legs, the officers closed the vehicle door, whereupon Cramer kicked off his shoe, pulled his foot out of the kick strap, and continued to kick the door.

While the officers were driving Cramer to the jail, he continued to kick the door with such force that Officer Suggs testified that she could feel the vehicle pulling with each kick. Cramer also began kicking the "cage" that separated the front and back seats, dislodging and shattering a clipboard. When they arrived at the jail, Officer Suggs discovered that Cramer had also expectorated all over the rear compartment of the police vehicle and bitten a hole in its backseat.

At the conclusion of the Commonwealth's case in chief, Cramer moved to strike the Commonwealth's evidence, arguing that it failed to prove that he made offensive or forcible contact with the officers. The trial court denied the motion. Cramer then declined to present evidence in his own defense and renewed his motion to strike. During closing argument, Cramer contended that there was insufficient evidence to prove an offensive or forcible contact. The trial court denied the renewed motion and subsequently convicted Cramer of assault and battery of a law enforcement officer. This appeal followed.

## II. ANALYSIS

### A. *Standard of Review*

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

B. *The trial court did not err in finding the evidence sufficient to support a conviction for assault and battery on a law enforcement officer.*

Cramer argues that the evidence was insufficient to sustain his conviction because it failed to show that he "made forcible contact with the officer with intent to do bodily harm." He asserts that although he may have moved his foot while it was held by the officers, he did not kick as hard as he had previously, and he did not act with a reckless and wanton disregard for Officer Suggs' safety. Emphasizing that there was "no evidence of any actual bodily harm," Cramer contends that no evidence presented at trial supports the finding that he acted recklessly without regard to Officer Suggs' safety or with the intent to do her bodily harm.

"[I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer . . . such person is guilty of a Class 6 felony." Code § 18.2-57(C). "To sustain a conviction for assault, the Commonwealth must prove 'an attempt or offer, with force and violence, to do some bodily hurt to another.'" *Parish v. Commonwealth*, 56 Va. App. 324, 329 (2010) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)). "The attempt or offer to do bodily harm 'occurs when an assailant engages in an overt act intended to inflict bodily harm [while he] has the present ability to inflict such harm.'" *Id.* (quoting *Clark v. Commonwealth*, 279 Va. 636, 641 (2010)). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Id.* (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)).

"Whether a touching is a battery, depends on the intent of the actor, not on the force applied." *Id.* (quoting *Adams*, 33 Va. App. at 469).

"One cannot be convicted of assault and battery without an intention to do bodily harm—either an actual intention or an intention imputed by law." *Id.* (quoting *Davis v. Commonwealth*, 150 Va. 611, 617 (1928)). "Intent may, and often must, be inferred from the facts and circumstances of the case, including actions of the accused and any statements made by him." *Carter v. Commonwealth*, 280 Va. 100, 105 (2010) (quoting *Stanley v. Webber*, 260 Va. 90, 96 (2000)). "Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established." *Knight v. Commonwealth*, 61 Va. App. 148, 161 (2012) (quoting *Wilson v. Commonwealth*, 249 Va. 95, 101 (1995)). "Intent is a factual determination, and a trial court's decision on the question of intent is accorded great deference on appeal and will not be reversed unless clearly erroneous." *Towler v. Commonwealth*, 59 Va. App. 284, 297 (2011) (citing *Robertson v. Commonwealth*, 18 Va. App. 635, 639 (1994)).

Here, when Officer Suggs began advising him of his *Miranda* rights, Cramer started screaming and forcefully kicking the rear door and window of the police vehicle. He then continued kicking and screaming as the officers opened the door to secure his legs in kick straps. Next, as the officers lifted Cramer's foot to restrain it, Cramer kicked Officer Suggs dislodging her body-worn camera. *See Montague v. Commonwealth*, 278 Va. 532, 541 (2009) (affirming a defendant's conviction for assault and battery against a law enforcement officer when he tried "to prevent the police officers from taking him into custody" by pushing and "striking [one officer] in the chest with an elbow"). The totality of the circumstances establishes that Cramer had the requisite intent to assault and batter Officer Suggs. Cramer was angry and combative, and his actions were intended to resist the officers' efforts to arrest him and restrain his legs in

kick straps. Thus, the evidence "points with reasonable certainty to a specific intent to commit" an assault and battery. *Knight*, 61 Va. App. at 161. Accordingly, we hold that the Commonwealth's evidence was competent, not inherently incredible, and sufficient to sustain Cramer's conviction.

### III. CONCLUSION

Therefore, the trial court's judgment is affirmed.

*Affirmed.*