COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Callins

DEZMOND DONTE CANADAY

MEMORANDUM OPINION*

v.      Record No. 0789-22-1                       PER CURIAM
                                                   NOVEMBER 8, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Holly B. Smith, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.


The trial court convicted Dezmond Donte Canaday of making a false statement on a firearm

form in violation of Code § 18.2-308.2:2. Canaday argues that the evidence failed to prove he made

a materially false statement because he "mistakenly believed that his juvenile court convictions had

been dismissed at the time he filled out the form." After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We disagree with Canaday's assertion and

affirm the trial court's judgment.

BACKGROUND[1]

In 2015, Canaday pleaded guilty to two counts of domestic assault and battery. In 2019, he

was convicted of a third domestic assault and battery offense. All three convictions involved the

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] "In accordance with familiar principles of appellate review, the facts will be stated in
the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v.*

same victim and resulted in suspended jail time and probation.  As a condition of the 2019 conviction, the trial court also ordered Canaday to participate in an anger management program.

On April 8, 2020, Canaday attempted to purchase a handgun in Toano.  As part of that process, he completed Virginia Form SP-65 and ATF Form 4473, as required by state and federal law.  A question on the federal form asked if Canaday had "ever been convicted in any court of a misdemeanor crime of domestic violence?"  On the form, Canaday responded that he had never been convicted of such a crime.  The required background check revealed his convictions, and Canaday's attempted firearm purchase was denied.

Virginia State Trooper Abreu investigated the transaction and Canaday's forms.  In May 2021, Canaday admitted to Trooper Abreu that he filled out the form, but he claimed that he was "doing it for a friend."  He also told Trooper Abreu that he "misunderstood about the domestic violence and charges on the questionnaire."  He acknowledged that he knew he had been "charged in the domestic violence."

At trial, Canaday testified that he went to the store "to see if [he] could purchase a firearm[,]" but he stated that he "didn't underst[an]d a lot of the paperwork."  He acknowledged answering "[n]o" in response to the question about a prior conviction.  Further, he admitted that he did not fill out the form for a friend, as he had claimed when he spoke to Trooper Abreu.

The trial court convicted Canaday of the offense and denied his motion to set aside the verdict.  The trial court sentenced Canaday to five years of incarceration with all but seven months suspended.  Canaday appeals.

---

*Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).  Accordingly, we "regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."  *Id.* at 473 (quoting *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015)).

ANALYSIS

"In reviewing a challenge to the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, we will affirm the judgment of the trial court unless that judgment is 'plainly wrong or without evidence to support it.'" *Id.* (quoting *Kelly*, 41 Va. App. at 257).

"Both Virginia and federal law impose certain requirements on firearms dealers and the people who seek to acquire firearms from those dealers." *Marshall v. Commonwealth*, 69 Va. App. 648, 653 (2019). In his attempt to acquire the firearm in this case, Canaday provided the store with a completed ATF Form 4473 "[a]s required by law[.]" *Smith v. Commonwealth*, 282 Va. 449, 452 (2011); *see also* 27 C.F.R. § 478.124(c). Code § 18.2-308.2:2(K) makes it a felony for any person to "willfully and intentionally mak[e] a materially false statement on the consent form required in subsection B or C or on such firearm transaction records as may be required by federal law . . . ." Thus, if the evidence was sufficient to establish that Canaday willfully and intentionally made a

- 3 -

materially false statement on ATF Form 4473, the evidence was sufficient to support his conviction for violating Code § 18.2-308.2:2.

It is undisputed that the ATF form Canaday completed is one required under Code § 18.2-308.2:2 and that his answer to question 11(i) on that form was, in fact, false. "The sole question remaining is whether [Canaday] made this false statement 'willfully and intentionally' so as to bring it within the statute under which he was convicted." *Smith*, 282 Va. at 454. "There must be evidence to support a finding that he knew the truth but nevertheless intended to, and did, utter a falsehood." *Id*. at 455.

Canaday argues that although he "knew that he had been charged three times in the past in juvenile court with misdemeanor assault and battery," he "believed those convictions had ultimately been dismissed rather than ended in convictions."

The trial court rejected Canaday's claim that he was unaware that he had been convicted of the offenses. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). The appellate court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Wright v. West*, 505 U.S. 277, 296-97 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

Here, the record supports the trial court's credibility determination and its conclusion that Canaday willfully and intentionally made a materially false statement in the application to purchase a firearm.  Therefore, we affirm the judgment of the trial court.

CONCLUSION

The Commonwealth's evidence was sufficient for a rational trier of fact to conclude that Canaday violated Code § 18.2-308.2:2.  Accordingly, we affirm Canaday's conviction.

*Affirmed*.