COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Callins
Argued by videoconference


MARQUEZE EUGENE WHITE

v.     Record No. 0836-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DORIS HENDERSON CAUSEY
JANUARY 23, 2024


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Kristin Paulding (7 Cities Law, on brief), for appellant.

David A. Mick, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial in the Circuit Court of the City of Virginia Beach, Marqueze Eugene

White was convicted of two counts of assault and battery on law enforcement officers.[1]  The trial

court sentenced White to a total of ten years of incarceration with all but two years and eight months

suspended.  On appeal, White contends that the trial court erred in finding the evidence sufficient to

sustain his convictions for two reasons: first, he argues he did not intend to harm either officer, and

second, he did not touch one of the officers.  For the following reasons, we affirm the trial court's

judgment in part, and reverse in part.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] White also pleaded guilty to misdemeanor offenses of obstruction of justice, providing a
false identity to law enforcement, and driving without an operator's license.  He did not appeal those
convictions.

BACKGROUND

"Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On May 7, 2020, White was rear-ended while driving his employer's work truck. After Virginia Beach Police Officers Andre and Staie arrived at the scene of the accident, White became visibly nervous and was generally uncooperative. He provided Officer Andre with a false name and several incorrect social security numbers. White then re-entered his truck and locked the door, where he stayed for approximately five minutes despite the officers' requests. After leaving the truck, White told the officers that his license was suspended and then confessed that he had an outstanding warrant for his arrest.

When the officers attempted to arrest White for the outstanding warrant, he began to resist by tensing up his body. White then pushed Officer Andre before trying to escape Officer Staie's handcuffs. All three ended up on the ground, where White kicked Andre with his heels and attempted to get back on his feet. White's employer, Matthew Chiaradia, came to assist Andre by holding White's legs down. The altercation only ended after Staie used his taser. White was arrested and ultimately charged with two counts of assault and battery on law enforcement officers, one count of obstruction of justice, one count of providing a false identity to a law enforcement officer, and one count of driving without an operator's license.

Officer Andre detailed her interactions with White, recounting White's actions before, during, and after his arrest. She testified that White "grab[bed] [her] forearm and squeeze[d] very, very tight to where [her] whole entire arm and hand went numb." White also shoved her. Andre recounted that after Officer Staie secured one handcuff to White's wrist, White "tried to pull his hand out of the handcuff, which then led to him and Officer Staie playing like a tug of war." Andre "put [her] arms around Mr. White's back . . . to try to twist to bring him down to the ground. And in that manner, it brought him and Officer Staie down to the ground on top of [her]." They were "sandwiched together" and "all on top of each other." Andre recalled seeing White reach towards Staie's taser before Staie removed the taser and deployed it into White's chest. Andre climbed onto White's back, where he kicked her with his heels until Chiaradia held down White's legs. Andre sustained bruises to her arms and legs and a traumatic brain injury from hitting her head on the ground.

Officer Staie similarly described the interaction. He said White pushed Andre. Staie recalled that the three of them fell to the ground because he was attempting to "sweep [White's] legs." When asked about his injuries, Staie testified that he had "suffered a . . . small cut, to my . . . left hand" but that "[i]t wasn't anything major." Staie did not know when he sustained the cut to his hand; he described it as "just a cut that happened at some point with tussling with" White. When questioned further, Staie replied that "I didn't have it when I first encountered [White] and then I came out with it."

White testified in his own defense; he said that he was nervous because of his outstanding warrant and the fact that the officer was armed. White intended to stall for time in the hope that he could escape arrest by running away. White claimed that he tried to escape "at least ten times." He denied that he was grabbing for Staie's taser, noting instead that he was trying to pull up his own pants.

The trial court convicted White on both counts before pronouncing a combined ten-year sentence on the felonies with all but two years and eight months suspended. White appeals, asserting that the trial court erred in finding the evidence sufficient to prove he committed an assault and battery against Officers Andre and Staie. He argues that the evidence was insufficient to prove his intent. White separately challenges his conviction concerning Officer Staie, arguing that he did not touch the officer in a manner consistent with an assault and battery.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"[A]ny person [who] commits an assault or an assault and battery against another knowing or having reason to know that such other person is a . . . law-enforcement officer," is guilty of a Class 6 felony. Code § 18.2-57(C). As Virginia does not have a statutory definition of assault and battery, we look to the common law. *See Parish v. Commonwealth*, 56 Va. App. 324, 329 (2010). "To sustain a conviction for assault, the Commonwealth must prove '"an attempt or offer, with

force and violence, to do some bodily hurt to another.""" *Id.* (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Kelley v. Commonwealth*, 69 Va. App. 617, 625 (2019) (alteration in original) (quoting *Parish*, 56 Va. App. at 330). "The unlawful intent may be imputed if the touching is 'done in a rude, insolent, or angry manner.'" *Parish*, 56 Va. App. at 331 (quoting *Adams*, 33 Va. App. at 469). "This intent may often be gathered from the conduct of the aggressor." *Id.* (quoting *Wood v. Commonwealth*, 149 Va. 401, 405 (1927)). "[W]ords and prior conduct are highly relevant in shedding light on intent and the context within which certain actions transpired. A perpetrator's intent may be inferred from the nature of the overt act and the surrounding circumstances." *Id.* (quoting *Clark v. Commonwealth*, 279 Va. 636, 642 (2010)).

I. Criminal intent

White argues that his intent was not to do bodily harm to either law enforcement officer, but only to evade arrest. "Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Holloway v. Commonwealth*, 57 Va. App. 658, 666 (2011) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12-13 (1997)). This hypothesis was put before the trial court, where it was rejected. Though White argues that "all his actions were committed with the intent to get away from the officers," (Op. Br. 8), the trial court, sitting as fact-finder, was permitted to infer that White "intend[ed] the natural and probable consequences of his acts," *Parish*, 56 Va. App. at 331 (quoting *Adams*, 33 Va. App. at 471).

Further, this Court has held that the intent to escape and the intent to commit bodily harm are not mutually exclusive. *See Moody v. Commonwealth*, 28 Va. App. 702 (1998) (holding that an individual attempting escape, who waved a pedestrian out of the way before hitting them with their car, had formed the specific intent to run over the pedestrian). "This is not a situation where to accept the theory that [White] was attempting to escape would necessarily exclude the hypothesis

- 5 -

that he was also attempting to . . . injure [the o]fficer[s]." *Holley v. Commonwealth*, 44 Va. App. 228, 237-38 (2004).

The evidence shows that White grabbed Officer Andre's arm—causing bruising—and the Commonwealth provided photographic evidence of those injuries. Andre further testified that White pushed her and kicked her in the back. Viewing the officers' testimony in the light most favorable to the Commonwealth, a rational trier of fact could find that White's grabbing, shoving, or kicking Andre was an objectively offensive or forcible contact, resulting in a physical consequence or corporeal hurt. *See Lopez v. Commonwealth*, 73 Va. App. 70, 84 (2021). The trial court did not err in rejecting White's hypothesis that his actions were only done with the intent to escape.

II. Force

The Commonwealth also was charged with proving beyond a reasonable doubt either an attempt or offer, with force and violence, to do some bodily hurt to another or a willful or unlawful touching. *Parish*, 56 Va. App. at 319, 329. In the light most favorable to the Commonwealth, the evidence does not establish that White committed an offensive or forcible contact against Officer Staie, nor does it establish an attempt or offer to do so. Although the evidence was somewhat ambiguous concerning whether White and the officers fell to the ground because Andre pulled White and Staie on top of her, or because Staie swept White's leg, no testimony suggested that White caused them to fall.

Furthermore, Staie did not know what caused his injury. Unlike Andre, who had multiple injuries and pinpointed when and how she sustained them, Staie did not know when or how he sustained the cut to his hand. He candidly stated that he knew only that he "didn't have it when [he] first encountered [White] and then [he] came out with it." Despite the existence of a corporeal hurt—the cut on his finger—nothing in the record established that an "unlawful . . .

objectively offensive or forcible contact" with Staie caused this "manifestation of a physical consequence or corporeal hurt." *Lopez*, 73 Va. App. at 84 (quoting *Adams*, 33 Va. App. at 268).

Without evidence that there was a touching, this Court must reverse White's conviction for the assault and battery against Officer Staie.

CONCLUSION

For the reasons stated herein, we affirm White's conviction for the assault and battery against Officer Andre and reverse his conviction for the assault and battery against Officer Staie. As the trial court sentenced White to both charges together, we remand to the trial court to resentence accordingly.

*Affirmed in part, reversed in part, and remanded.*