COURT OF APPEALS OF VIRGINIA


Present:    Judges Beales, Powell and Alston
Argued by teleconference


ANNE BOSTON PARISH
                                                                OPINION BY
v.        Record No. 1435-09-4              JUDGE ROSSIE D. ALSTON, JR.
                                                                 JUNE 1, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        J. Howe Brown, Jr., Judge Designate

            Robert Bell (John E. Davidson; Davidson & Kitzmann, PLC, on
            briefs), for appellant.

            Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Anne Boston Parish (appellant) appeals her conviction for assault and battery, in

violation of Code § 18.2-57.  On appeal, appellant contends that (1) the evidence was insufficient

to find that appellant intended to inflict fear of bodily harm, and thus the evidence was

insufficient to sustain appellant's conviction for assault; and (2) the evidence was insufficient to

find that appellant intended to inflict bodily harm, and thus the evidence was insufficient to

sustain appellant's conviction for battery.  For the reasons that follow, we affirm appellant's

conviction.

                                I.  BACKGROUND

        In determining whether evidence is sufficient to support a conviction, we view the

evidence "in the light most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455

S.E.2d 730, 731 (1995).

The evidence showed that on February 4, 2009, at approximately 2:00 p.m., United States Postal Service employee LaNeta Roth was delivering mail at the 300 block of North Patrick Street and the 1000 block of Queen Street, near appellant's place of business. As Roth delivered the mail, appellant, who was standing near her office, which was across the street from Roth, began yelling and demanding her mail. Appellant called Roth a "dumb blond bitch" and "an idiot," and stated, "Hurry up[.] I need my mail[.] I'm trying to go home." Roth told appellant she would deliver her mail momentarily and continued on her assigned route.

Roth continued along Queen Street until she reached appellant's address, which was the last stop on the route. At that point, appellant was "screaming" at Roth and demanding her mail. Roth told appellant that she would not deliver her mail because appellant had called her names, and informed appellant that she would have to call the post office to collect her mail. Roth then turned and was walking across Queen Street when appellant grabbed her left shoulder and pulled her back. Roth testified that appellant pulled Roth's hair, twisting her head and body around until Roth faced appellant. Fellow postal employee Robert Williams witnessed these events.

Roth screamed for help, jerked loose from appellant's grip, and ran down the block. Roth retreated to the 400 block of Patrick Street and called the post office to report the altercation. Williams followed Roth and found Roth crying. Roth was visibly shaken and upset when she returned to the post office and spoke with her supervisor that afternoon.

Appellant moved to strike the evidence at the conclusion of the Commonwealth's case-in-chief, arguing that the Commonwealth had not proven appellant's "intent to harm," and thus had not put forth sufficient evidence to prove assault and battery. The trial court denied the motion to strike. In closing remarks, appellant again argued that the Commonwealth failed to prove assault and battery by failing to prove intent to harm.

The trial court found appellant guilty of assault and battery, in violation of Code § 18.2-57.  This appeal followed.

## II.  ANALYSIS

### A.  Procedural Default

On appeal, the Commonwealth argues that appellant did not properly preserve her arguments for appellate consideration.  The Commonwealth argues that, at trial, defense counsel agreed to the trial court's definition of assault and battery, and appellant may not object to that definition on appeal.[1]  The trial court defined assault and battery as "[a]n unwanted touching, however slight, done in an angry, rude or vengeful manner."  The trial court did not include the element of intent to harm in its definition of assault and battery.

Based on a review of the record, this Court does not consider defense counsel's statements at trial a concession to the trial court's definition of assault and battery.  Because defense counsel raised the issue and made his position clear during his motion to strike and closing arguments, he properly preserved the issue.  Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (holding that counsel can preserve objection to judgment for appellate review during a motion to strike the evidence or in closing argument).  As a result, we hold that appellant preserved this issue for appellate consideration.

---

[1] The Commonwealth points to a conversation between the trial judge and defense counsel during defense counsel's motion to strike as evidence that defense counsel agreed to the trial court's definition of assault and battery.  After defense counsel argued that intent to harm was a necessary element of assault and battery, the trial court stated that assault and battery is "[a]n unwanted touching, however slight, done in an angry, rude or vengeful manner."  Defense counsel replied, "Right.  And getting -- for the purpose of getting someone's attention, . . . that's not done in an angry, rude or vengeful manner," before he was interrupted by a question from the trial court.  The dialogue between the trial court and defense counsel continued, with defense counsel arguing that intent to harm is a necessary element of assault and battery.  After further argument, the trial court denied the motion to strike.

B. Assault and Battery

Appellant contends that the trial court erred in finding the evidence sufficient, as a matter of law, to support her conviction. "'We review questions of law, and mixed questions of law and fact, utilizing a *de novo* standard of review.'" Dunaway v. Commonwealth, 52 Va. App. 281, 299, 663 S.E.2d 117, 126 (2008) (quoting Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 31 (2005)). In a challenge to the sufficiency of the evidence, "[t]he judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680; Jackson v. Commonwealth, 267 Va. 178, 204, 590 S.E.2d 520, 535 (2004)).

Code § 18.2-57 provides that "any person who commits a simple assault or assault and battery shall be guilty of a Class 1 misdemeanor." Because Code § 18.2-57 does not define assault or battery, we must look to the common law definition of the terms. Clark v. Commonwealth, 279 Va. 636, 641, 691 S.E.2d 786, ___ (2010), aff'g 54 Va. App. 120, 676 S.E.2d 332 (2009) (*en banc*).

The crime of assault and the crime of battery are independent criminal acts, although they are linked in Code § 18.2-57. To sustain a conviction for assault, the Commonwealth must prove "'an attempt or offer, with force and violence, to do some bodily hurt to another.'" Adams v. Commonwealth, 33 Va. App. 463, 468, 534 S.E.2d 347, 350 (2000) (quoting Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955)). The attempt or offer to do bodily harm

> "occurs when an assailant engages in an overt act intended to inflict bodily harm [while he] has the present ability to inflict such harm or [the assailant] engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim."

<u>Clark</u>, 279 Va. at 641, 691 S.E.2d at ___ (quoting <u>Carter v. Commonwealth</u>, 269 Va. 44, 47, 606 S.E.2d 839, 841 (2005)). "[B]ecause assault requires an overt act, words alone are never sufficient to constitute an assault." <u>Id.</u> at 641, 691 S.E.2d at ___ (citing <u>Harper</u>, 196 Va. at 733, 85 S.E.2d at 255; <u>Merritt v. Commonwealth</u>, 164 Va. 653, 658, 180 S.E. 395, 397 (1935)).

To sustain a conviction for battery, the Commonwealth must prove a "wil[l]ful or unlawful touching" of another. <u>Wood v. Commonwealth</u>, 149 Va. 401, 404, 140 S.E. 114, 115 (1927). It is not necessary that the touching "result in injury to the [victim's] corporeal person. It is sufficient if it does injury to the [victim's] mind or feelings." <u>Id.</u> at 405, 140 S.E. at 115.

On appeal, appellant argues that she touched Roth merely to get Roth's attention in order to get her mail and that this touching falls within the realm of normal human interaction and does not rise to the level of assault and battery. It is true that "[n]ot every touch is a battery," <u>id.</u>, and a touching is not a battery if it is "justified or excused," <u>Perkins v. Commonwealth</u>, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (citing <u>Gnadt v. Commonwealth</u>, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998); Roger D. Groot, <u>Criminal Offenses and Defenses in Virginia</u> 30 (4th ed. 1998)). "Whether a touching is a battery, depends on the intent of the actor, not on the force applied." <u>Adams</u>, 33 Va. App. at 469, 534 S.E.2d at 350 (citing <u>Wood</u>, 149 Va. at 405, 140 S.E. at 115). "One cannot be convicted of assault and battery 'without an intention to do bodily harm—either an actual intention or an intention imputed by law.'" <u>Id.</u> at 468, 534 S.E.2d at 350 (quoting <u>Davis v. Commonwealth</u>, 150 Va. 611, 617, 143 S.E. 641, 643 (1928)). The unlawful intent may be imputed if the touching is "'done in a rude, insolent, or angry manner.'" <u>Id.</u> at 469, 534 S.E.2d at 350 (quoting <u>Crosswhite v. Barnes</u>, 139 Va. 471, 477, 124 S.E. 242, 244 (1924)). "This intent may often be gathered from the conduct of the aggressor, viewed in the light of the attending circumstances." <u>Wood</u>, 149 Va. at 405, 140 S.E. at 115. Moreover, circumstantial evidence of intent may include the conduct and statements of the alleged offender.

Adams, 33 Va. App. at 471, 534 S.E.2d at 351; see also Montague v. Commonwealth, 278 Va. 532, 541, 684 S.E.2d 583, 589 (2009) (citing Commonwealth v. Vaughn, 263 Va. 31, 36, 557 S.E.2d 220, 223 (2002)).  Furthermore, the finder of fact may infer that the assailant "'intends the natural and probable consequences of his acts.'"  Adams, 33 Va. App. at 471, 534 S.E.2d at 351 (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (*en banc*)).

Similarly, a touching, i.e., the overt act in the assault in the instant case, falls outside the realm of normal human interaction when it is done "with the intent to place [the victim] in fear or apprehension of bodily harm."  Clark, 279 Va. at 642, 691 S.E.2d at ___ (citing Carter, 269 Va. at 46-47, 606 S.E.2d at 841).  When evaluating whether this intent existed, "[w]ords and prior conduct are highly relevant in shedding light on intent and the context within which certain actions transpired.  A perpetrator's intent may be inferred from the nature of the overt act and the surrounding circumstances."  Id. at 642, 691 S.E.2d at ___.

Reviewing the record in this case, the evidence was sufficient to support a finding that appellant committed assault and battery.  Case law dictates that we consider appellant's touching of Roth's shoulder in the context of appellant's earlier words and conduct.  Appellant shouted at Roth and insulted her for an extended period of time.  Appellant was visibly angry during her interaction with Roth, and when Roth attempted to end the altercation by turning and walking away, appellant grabbed Roth's shoulder and used force to turn Roth so that the two women were standing face to face.  Thus, there was ample evidence for the fact finder to conclude that the appellant touched Roth in a "rude, insolent, or angry manner," and given the context of the touching, that Roth was reasonably placed in apprehension of bodily harm.  Accordingly, since a perpetrator's intent may be inferred from the nature of the overt act and the surrounding

circumstances, the fact finder was entitled to find that the evidence was sufficient to support the charge.

## III.  CONCLUSION

For these reasons, we hold that the evidence was sufficient to convict appellant of assault and battery, in violation of Code § 18.2-57.  Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>