COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Fulton and White
Argued at Norfolk, Virginia

**UNPUBLISHED**

ANTHONY STERLING SALISBURY

MEMORANDUM OPINION* BY
v.      Record No. 0467-22-1      JUDGE KIMBERLEY SLAYTON WHITE
MARCH 14, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Steven C. Frucci, Judge

Diane P. Toscano (Toscano Law Group, P.C., on brief), for
appellant.

Andrew T. Hull, Assistant Attorney General (Jason S. Miyares,
Attorney General; Jeff S. Howell, Jr., Assistant Attorney General, on
brief), for appellee.


After a bench trial, the Circuit Court of the City of Virginia Beach convicted Anthony

Sterling Salisbury of assault and battery of a law enforcement officer and public intoxication. By

final order entered March 1, 2022, the trial court sentenced Salisbury to two years' imprisonment

with all but six months suspended. Salisbury contends that the evidence is insufficient to support

his conviction for assault and battery of a law enforcement officer because the Commonwealth

failed to prove that he intended to harm or injure the officer. For the following reasons, we affirm.

BACKGROUND

On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth,

the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

---

* This opinion is not designated for publication. *See* Code § 17.1 413.

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On New Year's Eve in 2020, Virginia Beach Patrol Officer Heward responded to a report that Salisbury was intoxicated and driving his vehicle erratically in the parking lot of a local bar. When Officer Heward arrived at the bar around 11:00 p.m., she saw Salisbury's vehicle parked across two parking spaces. Officer Heward located Salisbury on the bar's patio and told him that "he needed to make sure that he got a ride home." Salisbury started arguing with Officer Heward, telling her that she "didn't have a reason to be talking to him" and asking for her name and badge number. Officer Heward noticed a "strong odor of alcohol" coming from Salisbury, that he had "bloodshot, watery, glassy eyes," and that he was slurring his speech.

As Officer Heward returned to the parking lot, Officer Girvin arrived at the scene. The officers then saw Salisbury leave the bar, remove a soccer ball from the trunk of his vehicle, and begin kicking the ball around the parking lot. After Salisbury "almost fell into the street into oncoming traffic," Officer Girvin arrested him for public intoxication. Salisbury refused to put his hands behind his back and "kept flexing" to prevent Officer Girvin from handcuffing him. When the officers tried to search him incident to the arrest, he "kept turning away."

As Officer Girvin walked Salisbury to his squad vehicle, Salisbury repeatedly shifted his weight to "get in Officer Girvin's face." The officers ordered Salisbury to sit in the rear driver's side seat of the squad vehicle, but he refused their numerous demands. Officer Heward went to the rear passenger's side door and lifted Salisbury's upper body into the vehicle while Officer Girvin lifted his feet on the driver's side. Salisbury objected that they had no reason to arrest him and that Officer Girvin "wasn't a real police officer."

After the officers lifted Salisbury into the vehicle, he eventually placed his feet on the floorboard. When Officer Girvin attempted to close the door, Salisbury kicked the officer's right thigh. Officer Girvin told Officer Heward that Salisbury had kicked him. Salisbury "kept telling" the officers that they "were not doing [their] jobs properly, and that he would make sure [they] lost [their] jobs."

During cross-examination of Officer Heward, defense counsel played a portion of the video of the incident recorded by Officer Heward's body camera. In the video, Officer Girvin directs Salisbury multiple times to sit in the rear driver's side seat, and Salisbury refuses, loudly demanding to call his lawyer. As Officer Heward walks around to the passenger side, Salisbury repeats: "I'm not getting in the car with you." As the officers prepare to lift Salisbury into the vehicle, he says, "You weak little bitch." Officer Girvin then exclaims that Salisbury kicked him; Salisbury responds, "I didn't. You fucking pulled my ankle." Due to Officer Heward's position, the video does not show Officer Girvin and Salisbury at the time of the kick.

Testifying in his own defense, Salisbury admitted that he was intoxicated and "belligerent" on the night in question but denied kicking Officer Girvin. He claimed that he would "never assault a law enforcement officer."

The trial court convicted Salisbury of public intoxication and assault and battery of a law enforcement officer, explaining that it credited the officers' testimony. Salisbury now appeals his conviction for assault and battery of a law enforcement officer.

ANALYSIS

On appeal, Salisbury challenges the sufficiency of the evidence, asserting that the Commonwealth failed to prove beyond a reasonable doubt that he intended to injure or harm Officer Girvin. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence

to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Perkins*, 295 Va. at 327). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." *Vay v. Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 629 (2009)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)).

"To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Kelley v. Commonwealth*, 69 Va. App. 617, 625 (2019) (alteration in original) (quoting *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010)). "In

such circumstances, '[t]he unlawful intent may be imputed,'" *Id.* at 628 (alteration in original) (quoting *Parish*, 56 Va. App. at 331), and "may often be gathered from the conduct of the aggressor, viewed in the light of the attending circumstances," *Parish*, 56 Va. App. at 331 (quoting *Wood v. Commonwealth*, 149 Va. 401, 405 (1927)). "Whether an act is done in a 'rude, insolent, or angry manner' is a finding of fact that this Court will not disturb on appeal unless the finding is plainly wrong or no evidence supports it." *Kelley*, 69 Va. App. at 628-29 (citing *Parish*, 56 Va. App. at 329, 332).

Officers Girvin and Heward testified that Salisbury was angry and confrontational throughout the encounter. Salisbury conceded that he was "belligerent" with the officers. Once the officers lawfully arrested him for public intoxication, Salisbury repeatedly resisted the officers' attempts to handcuff him, search him, and place him in the vehicle, and he directed several profanities at them. Salisbury then kicked Officer Girvin in the thigh. Salisbury blamed the kick on Officer Girvin and continued to argue with and threaten the officers.

Viewing the officers' testimony and the body camera video in the light most favorable to the Commonwealth and disregarding Salisbury's contrary testimony, a rational trier of fact could find that Salisbury willfully kicked Officer Girvin in a rude, insolent, or angry manner. *See id.* at 628. Accordingly, a rational fact-finder also could impute the requisite unlawful intent to Salisbury's actions. *Id.* His unlawful intent may also be inferred from the totality of his conduct and the attending circumstances. *Parish*, 58 Va. App. at 331. Thus, the trial evidence was sufficient to support the trial court's verdict.

## CONCLUSION

For the foregoing reasons, we affirm Salisbury's conviction for assault and battery of a law enforcement officer.

*Affirmed.*