COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Chaney
Argued at Norfolk, Virginia

ALFRED WALTER LITTLE, JR.

MEMORANDUM OPINION* BY
v.      Record No. 0696-22-1                        JUDGE VERNIDA R. CHANEY
AUGUST 29, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Christopher Papile, Judge

Nicholas J. Medved, Assistant Public Defender, for appellant.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

A jury convicted Alfred Walter Little, Jr. of assault and battery of a law enforcement officer.

By final order entered on May 4, 2022, the trial court sentenced Little to five years' incarceration

with three years suspended. On appeal, Little challenges the sufficiency of the evidence to sustain

his conviction. For the following reasons, this Court affirms the conviction.

BACKGROUND[1]

The Commonwealth's evidence primarily consisted of the testimony of Newport News

Police Officer Huling and video from his body camera. On August 25, 2018, Officer Huling went

to an apartment complex in response to a report of a domestic disturbance. Officer Huling and his

partner were both wearing police uniforms, displaying their badges, and parked their marked police

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

car in the parking lot. While Officer Huling spoke with the complainant in front of the complex, Little approached and "started to yell," asking why the complainant had called the police. Little was angry and directed "explicit words" at the complainant "in a threatening manner." Officer Huling smelled alcohol coming from Little's person and noticed that he was stumbling and slurring his speech.

Officer Huling and other officers at the scene determined that Little was subject to arrest for public intoxication. When the officers told him he was under arrest, Little put his hands behind his back to be handcuffed. But as Officer Huling's partner escorted him to the police car, Little "rushed at" Officer Huling, colliding with him and pushing him into a parked vehicle. Officer Huling was speaking with the complainant when Little charged, so he was unsure whether Little was attacking him or the complainant. Officer Huling put his arm around Little and attempted to pull him to the side.

Seconds later, the officers again attempted to escort Little to the patrol vehicle, with Officer Huling on Little's right side. Little repeatedly "put[ ] his right foot out" and then withdrew it, which led Officer Huling to believe that Little was attempting to trip him. After doing this several times, the officers took Little to the ground. When Little was attempting to trip Officer Huling, he stated: "You ain't stronger than me, bitch." The video showed Little curse at the officers and the complainant throughout the encounter, stating that he would "rather die" than go to jail.

The jury convicted Little of assault and battery of a law enforcement officer. Little now appeals, arguing that the evidence was insufficient to support his conviction because the Commonwealth failed to prove his intent to harm Officer Huling.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to

- 2 -

support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Kelley v. Commonwealth*, 69 Va. App. 617, 625 (2019) (quoting *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010)). "One cannot be convicted of assault and battery 'without an intention to do bodily harm—either an actual intention or an intention imputed by law.'" *Parish*, 56 Va. App. at 330 (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)). "[T]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress." *Kelley*, 69 Va. App. at 628 (second alteration in original) (quoting *Adams*, 33 Va. App. at 469). "In such circumstances, '[t]he unlawful intent may be imputed,'" *id.* (alteration in original) (quoting *Parish*, 56 Va. App. at 331), and "may often be gathered from the conduct of the aggressor, viewed in the light of the attending circumstances," *Parish*, 56 Va. App. at 331 (quoting *Wood v. Commonwealth*, 149 Va. 401, 405 (1927)). "Whether an act is done in a 'rude, insolent, or angry manner' is a finding of

fact that this Court will not disturb on appeal unless the finding is plainly wrong or no evidence supports it." *Kelley*, 69 Va. App. at 628-29 (citing *Parish*, 56 Va. App. at 331).

We reject Little's contention that the Commonwealth failed to prove his intent to harm Officer Huling. Officer Huling testified, and the body camera video showed, that Little was angry and confrontational with the officers throughout the encounter. After the officers arrested Little for public intoxication, he rushed at Officer Huling and pushed him into a parked vehicle. Little continued to curse at the officers, threaten the complainant, and stated that he would "rather die" than go to jail. Seconds later, he repeatedly attempted to trip Officer Huling, then refused to enter the patrol vehicle.

Viewing this evidence in the light most favorable to the Commonwealth, as we must on appeal because the Commonwealth prevailed below, we conclude that a rational jury certainly could find that Little touched Officer Huling in a rude, insolent, or angry manner when he pushed the officer into a parked vehicle and subsequently attempted to trip him. *See Kelley*, 69 Va. App. at 628. This unlawful intent may be inferred from the totality of Little's conduct and the attending circumstances, as established both by Officer Huling's testimony and the video evidence. *Parish*, 56 Va. App. at 331. Thus, the evidence was sufficient to support the jury's verdict.

In his assignment of error, Little also asserts that the Commonwealth failed to prove that he knew or should have known that Officer Huling "was a law-enforcement officer engaged in the performance of his public duties." *See* Code § 18.2-57(C). Little has not presented any authorities or argument in support of this assertion; thus, it is waived under Rule 5A:20(e).[2] *See Jay v. Commonwealth*, 275 Va. 510, 517 (2008).

---

[2] We note that the evidence showed that Officer Huling was in uniform and wearing his badge of authority. Additionally, Little repeatedly expressed his anger that the complainant had called the police and that the officers arrested him.

## CONCLUSION

For the foregoing reasons, this Court affirms Little's conviction for assault and battery of a law enforcement officer.

*Affirmed.*