COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Fulton and Callins
Argued at Richmond, Virginia


ERIK SMITH ALLEN

                                                    MEMORANDUM OPINION* BY
v.          Record No. 1013-22-2            JUDGE JUNIUS P. FULTON, III
                                                         JANUARY 9, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
L.A. Harris, Jr., Judge

John W. Parsons for appellant.

Victoria Johnson, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a jury trial, the Circuit Court of Henrico County convicted Erik Smith Allen of

assault and battery of a law enforcement officer, in violation of Code § 18.2-57.  On appeal, he

challenges the sufficiency of the evidence supporting his conviction.  For the following reasons,

we affirm.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]."  *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  This

standard requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences to be drawn [from that evidence]."  *Bagley v. Commonwealth*, 73 Va. App. 1,

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

On December 18, 2020, while attempting to arrest Allen on charges not at issue in this appeal, a police officer tased Allen, causing him to fall and strike his head on the ground. Allen received medical treatment at the hospital and was transferred to the jail.

Henrico County Police Officer Derek Cardwell processed Allen's booking at the jail. Officer Cardwell was working in his official capacity, wore his uniform, and displayed his badge of authority. He testified that Allen appeared to be intoxicated, had slurred speech, and smelled of alcohol. While Officer Cardwell attempted to read Allen his *Miranda*[1] rights, Allen made various statements that Officer Cardwell characterized as "nonsensical." For example, when Officer Cardwell mentioned Allen smelling like alcohol, Allen commented that Officer Cardwell was putting his pockets in his fingers.

Allen was not wearing shoes, so Officer Cardwell provided him with flip-flops. Another officer asked Allen to remove his belt; Allen struggled to do so and required Officer Cardwell's assistance. After Officer Cardwell removed Allen's belt, Allen tried to grab Officer Cardwell's duty belt. Officer Cardwell then placed Allen in handcuffs.

According to Officer Cardwell, Allen began acting "belligerent[ly]" and repeatedly tried to stand up despite the officers' repeated instructions to remain sitting. Officer Cardwell testified that Allen threatened to kill him "if [Officer Cardwell] wished so." Allen then "stomped on [Officer Cardwell's left] foot." Officer Cardwell told Allen to not do so again because it was an assault. Allen responded by stomping on Officer Cardwell's foot again. Officer Cardwell asked the other officers to retrieve a chair with leg and arm restraints, after which Allen "tried to roll into" Officer Cardwell. Officer Cardwell restrained Allen from behind, and Allen "threw his

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

head back and hit [Officer Cardwell] in the head."[2]  Officer Cardwell had "a red mark on [his] forehead" but no other injuries.  Although the incident was recorded on Officer Cardwell's body camera, that footage was not presented at trial.  Later that day, Officer Cardwell again spoke with Allen.  Although Allen's demeanor was different, and he was able to answer Officer Cardwell's questions clearly, he said that he did not remember any of their previous interaction.

Allen testified that he did not remember being tased and arrested, taken to the hospital, or being booked at the jail.  He testified that he was injured in a motorcycle accident in December 2018 and suffered extensive injuries.  Most relevant here, he suffered a traumatic brain injury, and his left arm was permanently paralyzed.  He testified that he was "in a constant state of pain" and that it was "quite painful" when someone touched his shoulder.  He presented records documenting the various medical implants he received but did not present any evidence about the long-term effects of his brain injury.

Allen argued in closing that he did not act willfully because he was disoriented from striking his head shortly before being arrested and from his 2018 brain injury.  The jury found Allen guilty of assault and battery of a law enforcement officer.  The trial court sentenced him to five years' imprisonment with four years suspended.  Allen appeals.

ANALYSIS

Allen challenges the sufficiency of the evidence supporting his conviction.  "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).  "The question on appeal, is whether 'any rational trier of fact could have found the

---

[2] Officer Cardwell testified on cross-examination that he "believe[d Allen] said something about head butting" as well.  He testified on redirect that Allen threatened to headbutt him before actually doing so.

essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify." *Maldonado v. Commonwealth*, 70 Va. App. 554, 562 (2019) (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, this Court must accept 'the trial court's determination of the credibility of witness testimony unless, "as a matter of law, the testimony is inherently incredible."'" *Canada v. Commonwealth*, 75 Va. App. 367, 386 (2022) (quoting *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006)). "[W]e may only disturb the trial court's credibility determination if the evidence is 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Lopez v. Commonwealth*, 73 Va. App. 70, 84 (2021) (quoting *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald*, 295 Va. at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

"[I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer[,] . . . such person is guilty of a Class 6 felony." Code § 18.2-57(C). The Code of Virginia does not define assault or battery, which are common law crimes. *Kelley*, 69 Va. App. at 625 (citing *Montague v. Commonwealth*, 278 Va. 532, 541 (2009)). To prove an assault, the Commonwealth must show

that the defendant engaged in an overt act that was either (1) "intended to inflict bodily harm with the present ability to inflict such harm" or (2) "'intended to place the victim in fear or apprehension of bodily harm,' which did in fact create 'such reasonable fear or apprehension in the victim.'" *Blankenship v. Commonwealth*, 71 Va. App. 608, 620 (2020) (quoting *Clark v. Commonwealth*, 54 Va. App. 120, 128 (2009) (en banc)). To prove battery, "the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Kelley*, 69 Va. App. at 625 (alteration in original) (quoting *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010)). The touching need not cause physical injury to constitute a battery. *Id.*

An action is willful when it is "intentional, or knowing, or voluntary, as distinguished from accidental," and the word willful "generally means an act done with a bad purpose." *Pelloni v. Commonwealth*, 65 Va. App. 733, 740 (2016) (quoting *Barrett v. Commonwealth*, 268 Va. 170, 183 (2004)). "One cannot be convicted of assault and battery without an intention to do bodily harm—either an actual intention or an intention imputed by law." *Parish*, 56 Va. App. at 330 (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)). "[U]nlawful intent may be imputed if the touching is 'done in a rude, insolent, or angry manner.'" *Id.* at 331 (quoting *Adams*, 33 Va. App. at 469). "Proving intent by direct evidence often is impossible" and therefore may be proved by circumstantial evidence. *Kelley*, 69 Va. App. at 628 (quoting *Adams*, 33 Va. App. at 470). "[I]ntent may be inferred from the nature of the overt act and the surrounding circumstances." *Id.* (quoting *Parish*, 56 Va. App. at 331).

Allen argues that he did not willfully batter Officer Cardwell. Instead, he asserts "that his touching was not the act of his own will or intended, but was an act that occurred while he was without control of his volitional capacity." The jury could credit Officer Cardwell's testimony that Allen was drunk and uncooperative during the booking process, attempted to grab the officer's duty belt, became "belligerent," stomped on his foot twice and, after threatening to

headbutt him, did so. The jury could conclude Allen's actions were "done in a rude, insolent, or angry manner" such that the jury could impute harmful intent. *See Parish*, 56 Va. App. at 331. The jury could also reasonably reject Allen's argument that he had no control over his own actions, an argument based primarily on Allen's testimony about his injuries and his assertions that he had no memory of the offense. *See Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) ("[T]he fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998))). That Allen made nonsensical statements after sustaining a head injury of unspecified severity does not, as a matter of law, prove that he was incapable of willful, intentional action. Such a question was a matter of fact for the jury, and we decline to overturn the jury's decision.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*