# COURT OF APPEALS OF VIRGINIA

## Record No. 2061-24-1

DEVINCEO DEONTRE HEART

v.

COMMONWEALTH OF VIRGINIA

Present: Judges Athey, Friedman and Callins

Argued at Williamsburg, Virginia

Opinion Issued June 16, 2026[*]

---

### FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
David J. Whitted, Judge

Monica Tuck, Assistant Public Defender (Virginia Indigent Defense Commission, on briefs), for appellant.

C. David Sands, III, Senior Assistant Attorney General (Jason S. Miyares,[1] Attorney General, on brief), for appellee.

---

### MEMORANDUM OPINION BY
### JUDGE DOMINIQUE A. CALLINS

Devinceo Deontre Heart appeals his conviction for assault and battery against a law enforcement officer under Code § 18.2-57(C). Heart contends that the evidence was insufficient to prove beyond a reasonable doubt that he intentionally pinched the officer. Although we acknowledge that the evidence in this case is far from overwhelming, the standard of review constrains us to affirm Heart's conviction.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

Chesapeake Police Officer Donald Corn was looking for a suspect when he spotted Heart, whom he believed matched the description. Officer Corn exited his patrol car and asked Heart where he was coming from. When Heart did not answer, Officer Corn said, "Come here—I have to talk to you for a second." Heart responded, "You can't stop me—for what?" and kept walking. Officer Corn then announced that Heart was being detained and reached for Heart's shoulder. Heart dodged the attempt to grab him and started backing away at a faster speed. Officer Corn chased Heart and tackled him to the ground. The officer's body-worn camera fell off during the tackle and did not record video of the ensuing struggle. It continued to record audio, however; Heart can be heard yelling at Officer Corn "get your hands off of me" and swearing, while Officer Corn told Heart to "stop resisting" and "put your hands behind your back." At one point, Officer Corn told Heart that he would be tased if he did not "stop."

Chesapeake Police Officer Jenna Falls arrived shortly thereafter to find Officer Corn struggling on top of Heart. Based on the body camera timestamps, about 50 seconds passed between Officer Corn tackling Heart and Officer Falls recording the scene. Officer Falls's body camera footage depicted Heart waving his legs while on the ground with Officer Corn on top of him. Heart appeared to be trying to keep his hands close to the front of his body to resist being handcuffed. Officer Falls helped Officer Corn pull Heart's hands behind his back and place him in handcuffs.

At trial, Officer Corn testified that "[Heart] pinched [him] in [his] upper thigh," leaving a bruise on the right inner front thigh. According to Officer Corn, the pinching occurred when he

---

[2] On appeal, we "review the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court." *Commonwealth v. Wilkerson*, 304 Va. 92, 100 (2025) (quoting *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024)). We unseal facts found in the sealed record only to the extent we discuss them. *Brown v. Va. State Bar ex rel. Sixth Dist. Comm.*, 302 Va. 234, 240 n.2 (2023).

was trying to handcuff Heart before Officer Falls arrived. He believed that Heart pinched him when he was "on top of" Heart with his arms around Heart's body but without control over Heart's hands. He admitted that Heart did not threaten him. The Commonwealth did not submit a photograph of the bruise.

Officer Falls testified that, when she arrived at the scene, Heart was "flailing his upper body [and] kicking his legs" while "cussing and yelling at Officer Corn." She described Heart as "[v]ery angry, just yelling, cursing, uncooperative the entire time" while "kicking all around." She did not witness the pinch.

After the trial court denied Heart's motion to strike, Heart testified that, after being taken to the ground, he "put [his hands] behind [his] back and tried to let [the officers] put cuffs on [him]." He did not remember pinching Officer Corn and denied that he was trying to hurt the officer, instead claiming that he "was trying to get the situation over with."

After hearing closing arguments, the trial court explained that it found the location of the pinch "particularly illuminating," reasoning that "it would be very, very difficult to have an accidental touching or pinching in that area." The court further found that Heart's testimony was "not particularly credible." Consequently, the court convicted Heart of assault and battery of a law enforcement officer under Code § 18.2-57(C) and sentenced him to five years' incarceration with three years and four months suspended.[3] Heart appeals.

ANALYSIS

Heart argues that the evidence was insufficient to prove that he had the requisite intent to batter Officer Corn. We disagree.

"When faced with a challenge to the sufficiency of the evidence supporting a criminal conviction, an appellate court is faced with the limited task of determining 'whether *any* rational

---

[3] The trial court found Heart not guilty of obstruction of justice.

trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Cuffee v. Commonwealth*, ___ Va. ___, ___ (Apr. 16, 2026) (quoting *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024)). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). Thus, "[i]f there is evidentiary support for the conviction, a trial court's judgment stands." *Reed v. Commonwealth*, 85 Va. App. 196, 207 (2025). When a case involves video evidence, we view that "evidence not to determine what we think happened, but for the limited purpose of determining whether any rational factfinder could have viewed it as the trial court did." *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022).

Similarly, "[w]hether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Cuffee*, ___ Va. at ___ (quoting *Lucas v. Commonwealth*, 75 Va. App. 334, 348 (2022)). Put another way, if a factfinder "*reasonably* rejects a proffered hypothesis of innocence, the hypothesis is not a reasonable one." *Id.* We reverse only when the factfinder arbitrarily adopts an incriminating interpretation of evidence that is "equally susceptible" of an innocent interpretation. *Id.* (quoting *Burton v. Commonwealth*, 108 Va. 892, 899 (1908)).

Moreover, "[d]etermining the credibility of witnesses . . . is within the exclusive province of the [factfinder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Welch v. Commonwealth*, 79 Va. App. 760, 767 (2024) (second alteration in original) (quoting *Dalton v. Commonwealth*, 64 Va. App. 512, 526 (2015)). We disturb a factfinder's credibility determination only if the witness's "testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Rodriguez v. Commonwealth*, 85 Va. App. 664, 695 (2025) (quoting *Abouemara v. Commonwealth*, 77 Va. App. 719, 731 (2023)). Witness testimony is inherently incredible only if it is "'so

manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Id.* (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 239-40 (2022)).

"[I]f any person commits . . . battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer . . . engaged in the performance of his public duties anywhere in the Commonwealth, such person is guilty of a Class 6 felony."[4] Code § 18.2-57(C). "One cannot be convicted of assault and battery 'without an intention to do bodily harm—either an actual intention or an intention imputed by law.'" *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)). "[T]he Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Yellock v. Commonwealth*, 79 Va. App. 627, 641 (2024) (second alteration in original) (quoting *Parish*, 56 Va. App. at 330). An "unlawful touching" is one that is "done in a rude, insolent, or angry manner." *Id.* (quoting *Kelley v. Commonwealth*, 69 Va. App. 617, 628 (2019)). "[U]nlawful intent may be imputed" in such circumstances. *Id.* (quoting *Kelley*, 69 Va. App. at 628). "The word [willful] often denotes an act which is intentional, or knowing, or voluntary" and, when used in the criminal context, "generally means an act done with a bad purpose." *White v. Commonwealth*, 68 Va. App. 111, 119 (2017) (alteration in original) (quoting *Barrett v. Commonwealth*, 268 Va. 170, 183 (2004)).

"Whether a touching is a battery, depends on the intent of the actor, not the force applied." *Yellock*, 79 Va. App. at 641 (quoting *Parish*, 56 Va. App. at 330). "Whether the required intent exists is 'a question of fact for the trier of fact.'" *Id.* (quoting *Cornell v. Commonwealth*, 76 Va. App. 17, 29 (2022)). "Proving intent by direct evidence often is

---

[4] Heart does not dispute that he knew Officer Corn was a law-enforcement officer engaged in the performance of his duties.

impossible," and therefore intent may be proved by circumstantial evidence. *Kelley*, 69 Va. App. at 628 (quoting *Adams*, 33 Va. App. at 470). "[I]ntent may be inferred from the nature of the overt act and the surrounding circumstances." *Id.* (quoting *Parish*, 56 Va. App. at 331). When determining intent, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Sarka v. Commonwealth*, 73 Va. App. 56, 67 (2021) (alteration in original) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)).

We begin by rejecting Heart's argument that it was "equally plausible that Officer Corn was inadvertently pinched by some part of his equipment," rather than by Heart. Officer Corn testified that "[Heart] pinched [him] in [his] upper thigh." He did not testify merely that he felt a pinching sensation; he testified that *Heart* pinched him. Although Officer Corn did not provide many details about the pinch, his testimony, if believed, would allow a factfinder to reject Heart's hypothesis that he did not pinch Officer Corn. Indeed, the trial court did believe Officer Corn, finding that "it would be very, very difficult to have an accidental touching or pinching in" the area where the officer testified he was pinched. The body-worn camera footage does not disprove Officer Corn's testimony, as there is a gap of nearly a minute in which there is no recorded video of his struggle with Heart. There is no other evidence contradicting Officer Corn's testimony other than Heart's testimony that he did not remember pinching Officer Corn. Even setting aside that Heart's testimony fell short of an express denial, the trial court "was at liberty to discount" Heart's testimony. *Poole v. Commonwealth*, 73 Va. App. 357, 369 (2021) (quoting *Becker v. Commonwealth*, 64 Va. App. 481, 495 (2015)). Given the trial court's judgment of Officer Crane's credibility and Heart's lack thereof, we cannot say that the trial court's conclusive finding—that Heart's unsubstantiated hypothesis of innocence was unreasonable—was plainly wrong or without evidentiary support. *See Cuffee*, ___ Va. at ___. In

short, Officer Corn's testimony that Heart pinched him was not inherently incredible, and we will not overturn the trial court's credibility determination.

We now turn to Heart's primary argument, which is that he lacked the requisite intent to batter Officer Corn. In light of the limited appellate role dictated by our standard of review, we must sustain the conviction because there was sufficient evidence of Heart's intent. *Cf. Reed*, 85 Va. App. at 217 ("This Court is obligated . . . to draw from the bottom of the evidentiary well— shallow though it may run—*any* evidence supporting a trial court's conclusion.").

It is clear from the body-worn camera footage and Officer Falls's testimony that Heart was angry. He was "flailing" and "kicking all around" while cursing at the officers. Heart's testimony that he was cooperative and "trying to get the situation over with" is contradicted by the video evidence. From this, a reasonable factfinder could "disbelieve the self-serving testimony of the accused and . . . conclude that [he was] lying to conceal his guilt." *Bennett v. Commonwealth*, 84 Va. App. 607, 620 (2025) (quoting *Washington v. Commonwealth*, 75 Va. App. 606, 616 (2022)). The factfinder could instead conclude that Heart pinched Officer Corn in an effort to break free and evade arrest. Virginia courts have found the requisite intent for battery in other cases involving defendants who harm an officer while seeking to avoid detention or arrest. *See Montague v. Commonwealth*, 278 Va. 532, 541 (2009) (holding that a factfinder could conclude that the defendant acted "to impede the officers' ability to subdue" him when he pushed an officer and struck him with an elbow); *cf. Massey v. Commonwealth*, No. 0915-22-3, slip op. at 2-3, 10 (Va. Ct. App. Sept. 5, 2023) (holding that evidence sufficiently established intent to assault a police officer where the accused was "flailing," had fled the police, and had struck the officers).[5]

---

[5] We consider our unpublished opinions for their persuasive value, but we do not treat them as "binding authority." Rule 5A:1(f).

We do not claim that the evidence against Heart was as strong or as convincing as the evidence in these other cases, nor do we claim that we would have found Heart guilty as an original proposition. But "the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)). Ultimately, the full context of Heart's struggle with the officers provided sufficient evidence for the factfinder to conclude that Heart pinched Officer Corn "in a rude, insolent, or angry manner." *Yellock*, 79 Va. App. at 641 (quoting *Kelley*, 69 Va. App. at 628). Accordingly, we affirm Heart's conviction.

CONCLUSION

For these reasons, we affirm the judgment of the trial court.

*Affirmed*.